Argued June 9, affirmed July 15, 1976

CENTRAL COAST CONSTRUCTION et al,
*Appellants,*

*v.*

NELS LAUNDRY SERVICE CORPORATION et al,
*Respondents and Cross-Appellants,*

and

WILLIAMS et al, *Respondents.*

551 P2d 1294

*Bruce B. Samson* of Rankin, Ragen, Roberts, Samson & Gallagher, Portland, argued the cause for appellants. With him on the briefs was Lewis M. King, Portland.

*James H. Clarke* of Dezendorf, Spears, Lubersky & Campbell, Portland, argued the cause for respondents Portland Hospital Service Corp., James Sauer, Oscar Gustafson, Jr., C. Leslie Wierson, Neal Milburn, C. O. Schneider, Tom Bargfald, Ernest Gohrband, James de Long, George Robinson, Max P. Williams, Richard C.

Ehmann, Williams and Ehmann, Architects, Copenhagen, Inc., Donald H. Markman, Paul H. Johnson, Lester D. Copenhagen, Jacqueline McAyeal, Holladay Park Hospital, Physicians & Surgeons Hospital, Emanuel Lutheran Charity Board, dba Emanuel Hospital, Sisters of Providence in Oregon, dba Providence Hospital and Kaiser Foundation Hospitals. With him on the brief were George L. Kirklin, Anthony J. Barker, Portland, and Miller, Anderson, Nash, Yerke & Wiener and R. Alan Wight, Portland, attorneys for Sisters of Providence in Oregon, Holladay Park Hospital, Tom Bargfald and Ernest Gohrband; and Souther, Spaulding, Kinsey, Williamson & Schwabe and Kenneth E. Roberts and Ridgway K. Foley, Jr., Portland, attorneys for Max P. Williams and Richard C. Ehmann; and Roscoe E. Watts, attorney for Lester D. Copenhagen, Copenhagen, Inc., Paul H. Johnson, Donald J. Markman and Jacqueline A. McAyeal; and McCarty, Swindells & Mensing, attorneys for Emanuel Lutheran Charity Board, dba Emanuel Hospital, Physicians & Surgeons Hospital, Oscar Gustafson, Jr., C. Leslie Wierson, Neal Milburn and C. O. Schneider.

*David J. Sweeney* of Gilbertson, Brownstein, Sweeney & Kerr, Portland, argued the cause and filed a brief for respondents W. C. Sivers and W. C. Sivers Co.

*Edwin J. Peterson,* of Tooze, Kerr & Peterson, Portland, argued the cause and filed a brief for respondents and cross-appellants Nels Laundry Service Corp., George O. Shecter and Guy H. Lawrence.

Before Denecke, Chief Justice, and O'Connell, Holman, Howell and Bryson, Justices.

DENECKE, C. J.

**DENECKE, C. J.**

The issue is whether the plaintiffs, California corporations, are qualified to maintain this action in the Oregon courts. The trial court sustained defendants' demurrer to plaintiffs' complaint; therefore, the facts are as alleged in plaintiffs' complaint.

Plaintiffs, Central Coast Construction Company and the engineering-architectural firm of Cline, Zerkle, Agee & Swedin, joined together for the purpose of designing and then constructing a hospital laundry in Oregon for some of the defendants. It was agreed by the pertinent defendants that the plans would be kept confidential and would not be used in any way without plaintiffs' consent. Plaintiffs submitted plans. Later, however, defendants informed plaintiffs that another would be employed to make the plans and construct the facility.

Plaintiffs alleged the defendants wrongfully used the plans plaintiffs had submitted. Plaintiffs contended the defendants had converted the plans and had fraudulently represented to plaintiffs that if plaintiffs designed a facility which could be constructed with the funds available, the plaintiffs would be awarded the contract.

The defendants' demurrer was based on the ground that ORS 671.220(3) bars plaintiffs from bringing this action because they were not licensed as architects in Oregon. ORS 671.220(3) provides:

> "No person practicing architecture is entitled to maintain a proceeding in any court of this state relating to his services in practicing architecture unless he alleges and proves that he was licensed to practice architecture under ORS 671.010 to 671.220 at the time his services were rendered."

Plaintiffs contend this statute is inapplicable because "Plaintiffs' causes of action arise from the tortious conduct of defendants, not from the rendering of services."

[ 575 ]

The purpose of this statute regulating architects and of statutes regulating other professions is "protecting the public." ORS 670.275. The public is protected by prohibiting persons from practicing architecture without "first qualifying before the board (State Board of Architect Examiners) or obtaining a certificate of registration." ORS 671.020. This is done to insure that only those who are qualified and who are amenable to the disciplinary procedures of the State Board can practice architecture.

ORS 671.220(1) authorizes the prosecution of those practicing architecture without being certified. The statute here involved is another sanction to discourage persons from practicing without being certified.

The purpose of the statute would be circumvented if we restricted it to actions in contract for services. The plaintiffs are in essence seeking to recover for their work. They seek damages for an amount "representing the market value of the studies, sketches, schematic drawings, outline specifications, plans and drawings" submitted by plaintiffs. These pieces of paper have a substantial market value only because of the services of the plaintiffs.

The plaintiffs performed their services with the intention that if the product of their work was acceptable it would be used in Oregon. There is nothing in the pleadings indicating plaintiffs ever intended to seek an Oregon architect's certificate if they were awarded the contract. Plaintiffs do not contend they so intended. Plaintiffs' counsel admitted it would be difficult for plaintiff Cline, Zerkle, Agee & Swedin to be certified in Oregon.

The wording of the statute is consistent with the purpose of the statute. The language is broad—it prohibits one from maintaining a "proceeding * * * relating to his services in practicing architecture."

Plaintiffs rely on several Michigan decisions commencing with *Rex Beach Pictures Co. v. Harry I. Gar-*

*son Productions,* 209 Mich 692, 703-705, 177 NW 254 (1921). Factually the *Rex Beach* case is close to the present case and the Michigan court held that despite the ban of the statute, the out-of-state plaintiff corporation could recover even though it had not qualified to do business in Michigan as it was required to do. The court reasoned:

> "* * * While our courts will not enforce the prohibited contract, they will take notice of the circumstances, and if justice requires it, restore the plaintiff's property, received by the defendant under such void contract." 209 Mich at 706.

We do not find the Michigan court's reasoning persuasive. The Oregon legislature has provided that for the protection of the public it is necessary that architects qualify with Oregon authorities. To enforce that mandate the legislature has provided that if an architect does not qualify he cannot maintain any proceeding relating to his services. The legislature has made the policy decision that it is more important to protect the public by this procedure than to enable the nonqualifying architect to recover for his services even though this may result in a windfall to a party using the architect's services.

Affirmed.